Tagged opinion



**ORDERED in the Southern District of Florida on December 07, 2006.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| In re | CASE NO. 05-14698-BKC-RAM |
|  | CHAPTER 13 |
| SARA M. PLANAS, |  |
|          Debtor. |  |

**ORDER GRANTING IN PART AND
OVERRULING IN PART DEBTOR'S OBJECTION TO CLAIMS**

The Court conducted a hearing on June 13, 2006, on the Debtor's Objection to Claim (the "Objection") (CP# 23). The Debtor objects to three unsecured claims, Claim Nos. 12 and 13, filed by LVNV Funding, LLC ("LVNV") and Claim No. 7, filed by B-Line, LLC ("B-Line"). Neither B-Line nor LVNV are listed on the Debtor's Schedule F. B-Line did not file a response to the Objection. LVNV did respond stating it needed thirty days to provide substantiating documentation. No further response with additional documentation was filed.

The attachments to the B-Line and LVNV claims describe debts which these claimants acquired and these acquired debts are listed on the Debtor's schedules. Therefore, the Objection will be overruled except to the extent the claim amounts exceed the scheduled amount of the debts acquired by the claimants.

**Facts**

The amount of B-Line's claim is $1,176.89. On its face, the claim lists the name of the creditor as "B-Line, LLC/Sherman Acquisition, LLC/Household-Rooms to Go." Attached to the claim is an account summary which identifies the original creditor as "Household-Rooms to Go" and indicates that the last four digits of the account are 5729. The Debtor's Schedule F lists Rooms to Go, with an account number ending in 5729, as a liquidated, undisputed debt in the amount of $634.51.

Claim Number 12, filed by LVNV in the amount of $918.12, identifies the creditor as "LVNV Funding LLC, its successors and assigns, as assignee of Associates Credit Card Services." The Account Detail attached to the claim identifies the previous creditor as Associates Credit Card Services, Inc., with "BP" identified as an Alternate Creditor Name. The last four digits of the account are listed as 7890. The Debtor's Schedule F lists BP/Amoco as a creditor, with the same last four digits, 7890. The undisputed scheduled amount for BP/Amoco is $693.35.

Claim Number 13, filed by LVNV in the amount of $2,576.08, identifies the creditor as "LVNV Funding, LLC, its successors and

assigns, as assignee of Citibank, USA, N.A." The Account Detail lists Citibank USA, N.A., as Previous Creditor and City-Sears as Alternate Creditor Name. The last four digits of the account are listed as 9325. The Debtor's Schedule F lists Sears Card as a creditor with an undisputed debt of $2,064.28. The account number on the schedules, ending in 9325, matches the account number on the LVNV claim.

## Discussion

The Debtor's Objection states two grounds for objection to all three of the claims. First, Debtor states:

> The Creditor failed to attach supporting documentation of the debt owed as required under the Bankruptcy Code and Local Rule 3001(A)(3) and thus the claim should be stricken and disallowed.

This Court has previously ruled that an unsecured creditor's failure to attach supporting documentation to its proof of claim is not, by itself, a basis for disallowance of an unsecured credit card claim. In re Moreno, 341 B.R. 813, 816 (Bankr. S.D.Fla. 2006). Therefore, the Debtor's first basis for objection is summarily overruled.

The Debtor's second ground for objection is:

> The Debtor believes that no money is owed to this Creditor and unless the Creditor can provide proof that the debt is owed, the claim should be stricken and disallowed.

In Moreno, the Court noted that the documentation necessary to support a claim will vary. For example, little, if any, documentation is necessary if a claim is scheduled as undisputed

3

in an amount equal to or greater than the claim amount. <u>Id.</u> at 818. If the claim exceeds the scheduled amount without a sufficient breakdown of the changes, the claimant will need to respond if the objection challenges the amount by which the claim exceeds the scheduled amount and provide, for example, a breakdown of how it calculated charges, such as interest, late fees or attorneys fees. <u>Id.</u> Finally, the Court addressed the situation in which the Debtor has not scheduled the debt at all and disputes owing any money to the claimant. In those instances, necessary documentation may include the original account agreement or at least copies of account statements evidencing the debt.

The Debtor's second basis for Objection states that the Debtor believes no money is owed by the creditor. Thus, it is arguable that under <u>Moreno</u>, documents such as account agreements or account statements would be required. Under further analysis, however, that is not the proper standard in this situation.

A debtor cannot deny owing money simply because the debt is not scheduled under the claimant's name if, as here, the claim specifically identifies a creditor and account number which is listed on the Debtor's schedules. Before filing an objection, a debtor must look at the proof of claim and the attachments. If the claim clearly identifies a creditor and account which is listed on the schedules, the <u>Moreno</u> principles will apply to the same extent as if the original creditor filed the claim.

4

Applying these principles to the three claims at issue here, the Debtor should only have objected to that portion of each claim which exceeded the amount scheduled for the debt acquired by the claimant. The Debtor should not have sought disallowance of that portion scheduled as undisputed.

Treating the Objection as an objection only to the extent the claim amounts exceed the scheduled amount, the Objection will be sustained. The attachments to each claim fail to include any breakdown on how the claim amount was determined. Therefore, the claims will be allowed in the scheduled amounts.

## Conclusion

If a debt scheduled by a debtor is sold or assigned prior to the filing of a proof of claim, a claim filed by the purchaser or assignee of the scheduled debt, which clearly identifies the scheduled creditor, will be treated under the same standards set forth in Moreno. As applied here, this means that the Debtor's Objection will be sustained only to the extent that the claim amounts exceed the amounts scheduled for the original holder of the debt. Therefore, it is -

**ORDERED** as follows:

1. The Objection is sustained in part and overruled in part.

2. B-Line's Claim No. 7 is allowed in the amount of $634.51.

3. LVNV's Claim No. 12 is allowed in the amount of

$693.35.

    4.    LVNV's Claim No. 13 is allowed in the amount of $2,064.28.


                              ###

COPIES TO:

Mitchell J. Nowack, Esq.
8180 N.W. 36th Street, Suite 229
Miami, Florida 33166
(Counsel for Debtor)

Gerard M. Kouri, Jr., Esq.
5311 King Arthur Avenue
Davie, Florida 33331
(Counsel for LVNV)

B-Line, LLC
Mall Stop 550
2101 Fourth Avenue, Suite 1030
Seattle, Washington 98121

Nancy Herkert, Chapter 13 Trustee
P.O. Box 279809
Miramar, Florida 33027